| |
|---|
| **American Tr. Ins. Co. v Bay Ridge Orthopedic Assoc. PC** |
| 2024 NY Slip Op 31990(U) |
| June 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 502769/2024 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
-----------------------------------------------------------------X
AMERICAN TRANSIT INSURANCE COMPANY,

                                    Plaintiff,

        -against-

Bay Ridge Orthopedic Assoc. PC a/a/o Tiny Antoine,

                                    Defendant.

-----------------------------------------------------------------X

Index No.: 502769/2024
Motion Date: 5-20-24
Mot. Seq. No.: 2, 3

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 4-19, were read on these motions:

The defendant moves for an order (1) dismissing the complaint, pursuant to CPLR § 3211(a)(7) as the complaint as pleaded fails to state a cause of action; (2) confirming the underlying arbitration award in the following sums: (i) Principe in the sum of $4,998,00; (ii) Interest at the rate of 2% per month from 3-16-2023 until entry of a judgment; (iii) Statutory attorney fee of 20% of the principle and interest up to a maximum of $1,360.00; (iv) An arbitration filing fee of $40.00; (v) A master arbitration attorney fee of $195.00; (vi) Reasonable attorney's fees in defending this action, pursuant to 11 NYCRR § 65-4.10(j)(4); (3) award costs and disbursements as taxed by the clerk; and (4) granting such other and further relief as this Court deems just, proper and equitable (**Motion Sequence # 2**).

By Notice of Cross-Motion, the plaintiff moves for an order: 1) Pursuant to CPLR 3211(b), dismissing Defendant's Affirmative Defenses with respect to i) failure to state a cause of action, CPLR 3211(a)(7) and ii) additional attorney's fees pursuant to Insurance Law 5106 and an award of attorney's fees pursuant to 11 N.Y.C.R.R. 65-4.6(h); 11 N.Y.C.R.R. 65-3.10(d); 2) Ordering Defendant to file its answer and appear in this action, and for such and other relief as this Honorable Court may deem just, proper and equitable. The motion and cross-motion are consolidated for disposition.

1



[* 1]

**Background:**

The defendant, a healthcare provider, submitted claims for first-party no-fault benefits to the plaintiff for healthcare services provided to its assignor, Tiny Antoine. The total amount of these claims was $8,211.29. The plaintiff denied the claims asserting various defenses, including defenses based on plaintiff's contention that the defendant billed the plaintiff amounts that exceeded the fee schedule amounts allowed under the Insurance Law. The defendant thereafter initiated an arbitration proceeding to recover the above amount. At the scheduled arbitration, the attorney for the defendant sought leave to amend the amount in dispute to $4,998.00, by withdrawing those claims which were denied based upon an independent medical examination held by the plaintiff and to reflect the appropriate fee schedule amounts in this case. The arbitrator granted the request. The plaintiff did not submit any proof at the arbitration in support of its fee schedule defenses. The arbitrator awarded the defendant the sum of $4,998.00, plus statutory interest and attorney fees and appropriate fees. The Master Arbitrator affirmed.

The plaintiff thereafter commenced this action seeking a de novo adjudication of the dispute. The plaintiff claims that even though CPLR 5106(c) only allows for de novo adjudications of arbitration disputes if the amount of the arbitration award is $5,000 or greater, exclusive of attorney's fees and interest, it is entitled to a de novo adjudication of the dispute in this case because the defendant acted arbitrarily and contrary to law in seeking to amend the amount in dispute to $4,998.00. Plaintiff claims if the appropriate fee schedules were used, the actual amount that would be due and owing on the claims that were not withdrawn would by $5,912.10. Plaintiff submitted the affirmation of Carolyn Mallory, CPC (NYSCEF # 14) in support of this contention. The plaintiff claims that by amending the amount in dispute to $4,998.00, the defendant's real motive was to unlawfully deny the plaintiff the right to a de novo adjudication of the dispute under CPLR 5106(c). The plaintiff further claims that by amending the amount in dispute, the defendant admitted that the defendant submitted bills in excess of the appropriate fee schedules and is thereby disqualified from recovering attorney's fees under the no-fault regulations.

2

[* 2]

**Discussion:**

Plaintiff's claim that defendant is not entitled to attorney's fees will be addressed first. It is well settled that to prevail on a fee-schedule defense, a No-Fault insurer must demonstrate by competent evidentiary proof that the amount of a healthcare provider's claim for assigned for first-party no-fault benefits was in excess of the appropriate fee schedules (see *Cont'l Med., P.C. v. Travelers Indem. Co.*, 11 Misc. 3d 145(A), 819 N.Y.S.2d 847 (App. Term 2006), *Jamil M. Abraham M.D. P.C. v. Country Wide Ins. Co.*, 3 Misc. 3d 130(A), 787 N.Y.S.2d 678 (App. Term 2004). Here, since the plaintiff did not submit any competent evidentiary proof at the arbitration supporting its fee schedule defenses, the plaintiff never demonstrated that defendant's bills were excessive.

While plaintiff correctly states that "if the charges by a health care provider, who is an applicant for benefits, exceed the limitations contained in the schedules established pursuant to section 5108 of the Insurance Law, no attorney's fee shall be payable by the insurer" (11 NYCRR § 65–4.6(h)), the plaintiff did not demonstrate at the arbitration that defendan's charges were excessive. The court does not view defendant's request to amend the amounts in dispute as an admission of excessive billing. If the plaintiff was desirous of not paying any attorney's fees, nothing prevented it from proving at the arbitration that defendant's bills were excessive. For the above reasons, the court rejects plaintiff's contention that the defendant is not entitled to attorney's fees.

The Court also rejects plaintiff's contention that the defendant acted arbitrarily and contrary to law by amending the amount in dispute to less than $5000. As stated, plaintiff's contends that the purpose of the amendment was to deny the plaintiff a right to a de novo adjudication of the dispute pursuant to CPLR 5106(c). "The policy of this State is to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources" (*Rio Algom v. Sammi Steel Co., Ltd.*, 168 A.D.2d 250, 251, 562 N.Y.S.2d 486; see also, *Szabados v. Pepsi-Cola Bottling Co. of New York*, 174 A.D.2d 342, 343, 570 N.Y.S.2d 553, 554). Accepting plaintiff's position would be contrary to this policy and would force the parties into protracted litigation before the Courts. This would serve to squander scarce judicial

3

resources and increase the length of time and the amount of resources necessary to resolve relatively minor disputes. The Court notes that there is no statutory or regulatory authority, or case law, prohibiting such amendments and it this Court's view, such amendments should be encouraged, not discouraged.

Accordingly, it is hereby

**ORDERED** that the branch of defendant's <u>motion to dismiss the complaint</u> pursuant to CPLR § 3211(a)(7), on the grounds that the complaint fails to state a cause of action for a de novo adjudication of the arbitration dispute pursuant to CPLR 5106(c) because the amount in dispute, exclusives of attorney's fees, interest, and other fees is less than $5000, is **GRANTED**, it is further

**ORDERED** the branch of the motion to confirm the arbitration award is **DENIED** as moot, inasmuch as the award has already been confirmed by a master arbitrator; it is further

**ORDERED** that defendant's motion to the extent it seeks an award of additional attorney's fees is **DENIED** inasmuch as attorney's fees are not awardable in actions for de novo adjudications of arbitration awards; and it is further

**ORDERED** that plaintiff's motion is in all respects denied.

This constitutes the decision and order of the Court.

Dated: June 4, 2024

_____
**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

4

[* 4]